# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| CALVIN EDWARD COOKSEY, <br> Plaintiff, <br> vs. <br> FRANK OCEAN, <br> Defendant. | CASE NO. 2:17-cv-00839-SVW-AGR <br><br> **JUDGMENT FOR THE DEFENDANT** <br><br> JS-6 |

The case came before this Court because Plaintiff alleged a claim for defamation per se in based on Defendant Frank Ocean's Tumblr Post from June 21, 2016. The parties waived jury on the day of trial—October 17, 2017—and the case proceeded to trial. The Court finds that the Plaintiff failed to meet his burden on several elements of his claim regarding defamation *per se*. Accordingly, judgment is entered for the Defendant.

California Civil Code § 45 defines defamation per se. Plaintiff must show, by a preponderance of the evidence, that the person to whom the statement was made reasonably understood the statement was about Plaintiff. The Ninth Circuit stated in *Golden N. Airways v. Tanana Publishing Co.*, 218 F.2d 612,, 622 (1954) that "[t]he person to whom the publication is

1

made must understand to whom it refers. And if the person is not referred to by name or in such a manner as to be readily identifiable from the descriptive matter in the publication, extrinsic facts must be alleged and proved showing that a third person other than the person libeled understood it to refer to him." Defendant did not refer to Plaintiff by name in this post, simply stating that he was referring to "his father". Plaintiff has not proven this element using extrinsic facts that any other individual saw the Tumblr post and understood that Frank Ocean's "father" meant the Plaintiff, Calvin Edward Cooksey.

The California Supreme Court has also set forth the categories of libel *per se* in *Ray v. Citizen-News Co.,* 14 Cal. App. 2d 6 (1936). The categories include a false charge of a criminal act, an injury to a trade or business, or an imputation of a want of chastity. Plaintiff has not met his burden of showing that Defendant's post falls into any of the categories of libel *per se*. The most likely category would have been about injury to Plaintiff's trade or business. Furthermore, he never offered evidence that anyone in the entertainment industry associated his name with the reference to "father" in Defendant's post.

Finally, the Plaintiff must allege and prove that "he has suffered special damage as a proximate result" of the Defendant's statement. Cal. Civ. Code § 45a. Plaintiff's claims for damages are speculative and he has never earned any income from the sale of any rights to a movie script or soundtrack. The only evidence the Plaintiff introduce regarding damages was his self-serving testimony that the post had cause him reputation damages which prevented him from selling his movie rights or his soundtrack to a studio. He never introduced evidence regarding his screenwriting or musical ability or the quality of his work. More importantly, he admitted that, despite the existence of his soundtrack and script for years, he has never sold any soundtrack or script to any studio in the past.

Plaintiff has not met his burden to show the statutory elements of defamation *per se* by a preponderance of the evidence. For that reason, the Court does not need to rule on Defendant's defense regarding the truth of the statement. The Court finds for the Defendant, Frank Ocean.

IT IS SO ORDERED

Date: October 18, 2017

_____
HON. STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE